Sullivan, J.
The defendants, together with G. W. Rid-dell and J. Vandagrift, were indicted for disinterring a dead body. Vandagrift did not appear. Riddell, Tate, and ITaw-Idns pleaded not guilty. Riddell was acquitted by the jury. "Verdict of guilty against Tate and Hawldns, and judgment on the verdict.
The indictment contains two counts. • The first is for disinterring the dead body of a deceased child of N. H. Burke, from, &e., without the consent, &c. The second is for removing and taking from its grave a certain other deceased child of said Burlce, “'that had yet no name given to it,” without the consent, &c.
At the trial, the defendants asked the Court to give the following instructions to the jury: 1, “That notwithstanding Yandagrift may be guilty, and were he upon his trial, might, from the evidence, be found guilty, yet that fact will not authorize the jury to find Tate and Hawhins guilty because they were in the room where the body was seen, unless the jury are satisfied from the evidence that Tate and Hawldns were at the burying-ground, and removed, or assisted in removing, the body from the place of its interment. ” 2, “ If the jury have rational doubts about Tate and Hawhins being at the burying-ground, and assisting in the removal of the body from the place of its interment, they must acquit.” The Court correctly refused these instructions.
It is not necessary to constitute the offense of which the defendants are indicted, that all the parties to it should be actually present aiding and abetting in the commission of the fact. If with the intention of giving assistance, a person be near enough to afford it should it be needed, he is, in construction of law, present aiding and abetting. Arch. Cr. Pl., 4. *119 As in an indictment for privately stealing from a shop, two of the defendants were in the shop, and the other remained outside to co-operate, it was held that all were equally *guilty. 1 Russ. & Ry., 343. And a person waiting outside of a house to receive goods, which a confederate is stealing in the house, is a .principal. Rex v. Owen, 1 Moody, 96. So in cases of night poaching, all who are at the place, each acting his part with a common intent, are equally guilty, although some only are bodily upon the land. 7 Carr, and Payne, 282; Ib., 300.
The record does not contain the testimony in the cause. If, however, the testimony tended to prove the co-operation of Tate and Hawhins in the offense charged, it was the province of the jury, and not of the Court, to weigh it, and determine whether they were guilty or not.
The Court having refused the foregoing instructions, gave the following, viz.: “ If you should be satisfied that the defendants, or any of them, at any time within two years, at this county, dug up and removed an infant child of Nahum Burk from a public burying place and the place of interment, you may find them, or such of them as were engaged in it, guilty under the thirty-sixth section of the act relative to crime and punishment.” In this the Court erred, we have no doubt inadvertently. The offense does not consist merely in the removal of a dead body, but in its removal without the consent of such deceased person obtained in his or her lifetime, or of the near relatives of the deceased since his or her death. The Court, therefore, should have instructed the jury, that they must be satisfied also, that the removal was made without, the consent required by the statute. With that qualification to the instruction, it may be the jury would not have found the defendants guilty.
A motion was also made in arrest of judgment, on account of the insufficiency of the indictment. The Court refused the motion. In this there was no error. We think.the second count in the indictment is good.
8. W. Parker, for the plaintiffs.
II. O’Neal, for the State.
On account of the erroneous instruction given, the judgment must be reversed.
Per Curiam.—The judgment is reversed. Cause remanded, &c.